Samuel J. Smith, SBN 242440
    Email:  samuel@sjscounsel.com
**SJS COUNSEL, APC**
5757 Wilshire Boulevard
Penthouse 20
Los Angeles, California 90036
Telephone:      (310) 271-2800
Facsimile:      (310) 271-2818

Daniel L. Reback, SBN 239884
    Email:  dreback@kranesmith.com
Jeremy Smith, SBN 242430
    Email:  jsmith@kranesmith.com
Benjamin J. Smith, SBN 266712
    Email:  bsmith@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, California 91436
Telephone:      (818) 382-4000
Fax:            (818) 382-4001
Attorneys for Plaintiff CHRISTOPHER GORDON

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER GORDON, an individual,<br><br><br>          Plaintiff,<br><br>vs.<br><br>SPORTS AND CUSTOM TEES, INC., a Michigan Corporation dba TEE SHIRT PALACE; and DOES 1 to 20, inclusive,<br><br>          Defendants. | Case No.  15-2581<br><br>**COMPLAINT FOR:**<br>1. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114, *et seq.*];<br>2. **TRADEMARK INFRINGEMENT** [California law];<br>3. **TRADEMARK DILUTION** [15 U.S.C. §1125(c)];<br>4. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)];<br>5. **UNFAIR COMPETITION** [California law]; **and**<br>6. **COPYRIGHT INFRINGEMENT** [17 U.S.C. §501].<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff CHRISTOPHER GORDON ("Plaintiff") alleges as follows:

**<u>INTRODUCTION</u>**

Plaintiff is a comedic narrator who, on January 18, 2011, published a video on YouTube that consisted of his original narration humorously describing the traits of a honey badger.  The video went "viral" and has generated more than *72 million* views on YouTube.  In the video, Plaintiff's original expression and joke is "HONEY BADGER DON'T CARE," among others.  Plaintiff's original expression has gained a tremendous amount of notoriety, and his expression has been referred to in commercials, television shows, magazines, and throughout the internet, and by numerous celebrities.  Plaintiff copyrighted his narration, and also trademarked "HONEY BADGER DON'T CARE" under four separate registration numbers for various classes of goods, including, *inter alia*, t-shirts, audio books, computer application software, and plush toys.  Plaintiff has produced, advertised, licensed, and sold merchandise bearing his expression and mark of "HONEY BADGER DON'T CARE" since soon after the video was published, and he continues to sell and license merchandise bearing his expression and mark today.

Defendant Sports and Custom Tees, Inc. is a merchandise company that produces and sells primarily t-shirts, as well as, *inter alia*, mugs, buttons, tote bags, and other merchandise bearing variations on—when not copying *verbatim*—"HONEY BADGER DON'T CARE" and expressions originating from Plaintiff's extremely popular video.  Defendant operates two online storefronts, on its own website TeeShirtPalace.com and on Amazon.com, through which Defendant markets and sells its infringing merchandise to consumers throughout the United States, including consumers within the geographic jurisdiction of this Court.

Defendant markets thousands of t-shirts and other merchandise reflecting popular slogans and themes from pop culture and, on information and belief, does so without bothering to seek a license to do so from the intellectual property owners whose efforts Defendant wantonly purloins, including Plaintiff's.  Defendant's unauthorized sales of goods bearing Plaintiff's trademark and expressions constitute, *inter alia*, willful trademark and copyright infringement.

//

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

1.      This is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§1051, *et seq*., and 17 U.S.C. §§101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.  This court has further jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.

2.      This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b) and 1400(a).  The infringing products which are the subject of this litigation have been distributed and offered for distribution in the Central District of California, and Defendant transacts business in the Central District of California.  Defendant has extensive contacts with, and conduct business within, this District; has placed products into the stream of commerce in this District; and has caused tortious injury to Plaintiff in this District.

## PARTIES

4.      Plaintiff is an individual residing in Los Angeles, California.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant SPORTS AND CUSTOM TEES, INC. ("Defendant") is a corporation for profit formed in the State of Michigan that does business under the name TEE SHIRT PALACE.  Defendant produces and sells merchandise, with an emphasis on t-shirts, and conducts its business on the internet through its own storefronts at TeeShirtPalace.com and TeeShirtPalaceTrends.com, as well as through Amazon.com, both of which permit customers within this Court's jurisdiction to order and receive Defendant's products.

//

2

**COMPLAINT AND DEMAND FOR JURY TRIAL**

6.      Plaintiff is informed and believes, and thereon alleges, that Defendant authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

7.      The true names and capacities, whether individual, corporate, associate or otherwise of defendants Doe 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.   Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein.   Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these Doe defendants when the same are ascertained.

## SUBSTANTIVE ALLEGATIONS

### Plaintiff and His Video, Copyright, and Trademark

8.      Plaintiff is a comedian, narrator, writer, and actor, and is commonly known by his alias, "Randall."

9.      On January 18, 2011, Plaintiff published a video (the "Video") on YouTube that consisted of his original narration humorously describing the traits of a honey badger.[1]   The Video, entitled *"The Crazy Nastyass Honey Badger (original narration by Randall)"*, became an instant hit.   The Video went "viral" and is one of the most popular videos ever uploaded onto YouTube.   To date, the Video has generated more than *72 million* views on YouTube.   The Video and subsequent phenomenon have been covered by internet blogs such as the *Huffington Post* (which proclaimed "Honey Badger Don't Care [as] the best nature video of all time") as well as by entertainment news sites like *TMZ*.

10.      In the Video, Plaintiff's original expression and joke is that the HONEY BADGER DON'T CARE.   Plaintiff's original expression (and others contained in the Video)

---

[1] The Video can be viewed at http://bit.do/honeybadger, which forwards to the appropriate YouTube URL.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet.

11.    Plaintiff copyrighted his narration in the Video.  The copyright registration number is PA 1-750-515, the effective date of registration is June 15, 2011, and the title is HONEY BADGER DON'T CARE.  Attached hereto as **Exhibit A** is a true and correct copy of the certificate of Copyright Registration.

12.    Plaintiff is also the owner of the trademark HONEY BADGER DON'T CARE (the "Mark").  Plaintiff registered the Mark with the United States Patent and Trademark Office for various classes of goods under the following Registration Numbers:  4,505,781; 4,419,079; 4,419,081; and 4,281,472.  Registration Number 4,505,781 specifically relates to the class of goods for clothing, including t-shirts.  Attached hereto as **Exhibit B** are true and correct copies of the Trademark Registrations.

13.    After the Video was published, Plaintiff produced and sold goods, including, *inter alia*, t-shirts, sweatshirts, bumper stickers, hats, mugs, pillows, and plush dolls, that displayed his Mark.  Plaintiff continues to sell a wide variety of merchandise, including t-shirts, under the trademark HONEY BADGER DON'T CARE.

14.    Plaintiff primarily advertised the t-shirts bearing his Mark on the internet.  Sales of Plaintiff's t-shirts bearing his Mark have been substantial, with a majority of the sales occurring via the internet.

15.    The Mark is instantly recognizable as being associated with Plaintiff (*i.e.*, Randall.)  The Mark appeared in Plaintiff's Video, and has since been displayed on numerous advertisements and goods that Plaintiff promotes.  Plaintiff even authored a book titled "*Honey Badger Don't Care:  Randall's Guide to Crazy Nastyass Animals*" and launched a mobile "app" titled "*The Honey Badger Don't Care.*"

16.    Plaintiff has expended a significant amount of time and effort in making his Mark well-known to the public.  Plaintiff has promoted his Mark by, *inter alia*, advertising it in

**COMPLAINT AND DEMAND FOR JURY TRIAL**

connection with his products, making guest appearances in media outlets, and publicizing the Mark through social media platforms.

17.     As a result of the foregoing, including, but not limited to, the extensive advertisements, promotions, sales, and enormous popularity of the Mark, the public has come to exclusively identify the Mark with Plaintiff.  Among other things, Plaintiff, his expression, joke and/or his Mark have appeared or been alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in an episode of the popular television show *America's Got Talent*, in an episode of the hit television series *Glee* by the show's famous cheerleading coach Sue Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor Swift, and on the *Howard Stern* radio show (Baba Booey).  Plaintiff's expression, joke, and Mark are famous and distinctive under applicable law, including within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

### *Defendant's Unlawful Activities and Willful Infringement*

18.     Defendant Sports and Custom Tees, Inc. is a competitor of Plaintiff, as it also produces and sells humorous t-shirts on the internet through its primary website, TeeShirtPalace.com, and through a storefront on Amazon.com.

19.     Defendant produced and sold t-shirts, mugs, tote bags, buttons and other merchandise bearing, *inter alia*, Plaintiff's Mark and jokes and expressions that were copied verbatim from Plaintiff's Video.  Defendant produced and sold these goods throughout the United States, including California, via the internet, utilizing its own website (teeshirtpalace.com) and a storefront on popular merchant website Amazon.com.

//
//
//
//
//
//

**COMPLAINT AND DEMAND FOR JURY TRIAL**

20.     Defendant's product descriptions and advertisements for its infringing merchandise reveals a campaign of willful infringement.  At the height of the popularity of Plaintiff's Video and Mark, Defendant unabashedly sold t-shirts adorned with Plaintiff's Mark or phrases from the Video, including: "Honey Badger Don't Care", "Honey Badger He Don't Care", "Honey Badger Don't Give A Shit", an image of a honey badger superimposed over the words "Don't Care", "Trust Me I Don't Care Like The Honey Badger", "WWHBD?[2] He wouldn't give a shit, that's what!", so on and so forth.

21.     Defendant even cashed in on the public's charity, combining the well-known "pink ribbon" of the Susan G. Komen Foundation—which seeks to raise money to fight breast cancer—with Plaintiff's Mark.  On information and belief, none of the misbegotten proceeds went to support breast cancer research[3]:



---

[2] "WWHBD?" is an acronym which consumers would recognize as a reference to "WWJD"—that is, "What Would Jesus Do?"—a popular mark used by Christian organizations.

[3] Defendant offers a variety of products intended to raise "awareness" of breast cancer and other types of cancer, noting that "[c]ancer research starts with funding and funding comes from heightened awareness."  Defendant's pitch continues: "The best way to get the word out about anything is to expose it to the public. We have designs that you're going to be able to wear all day. Every time you wear a breast cancer awareness tee shirt, you're going to be seen by hundreds of people. This is going to help with your exposure and likely help research funds as well. […] To start working on the cause, you're going to want to pick a design, choose a color, and select a size and a quantity." Nowhere does Defendant indicate that *any* of its profits will be sent to the Susan G. Komen Foundation or any other organization which actually contributes to cancer research.  While Plaintiff would certainly be amenable to contributing his Mark to cancer relief efforts, Defendant cynically sought to profit from it instead, misleading the public in the process.

6

22.     Defendant's manipulative and unfair advertising of the infringing merchandise enabled it to reap financial success, as Defendant produced and sold infringing merchandise in various forms, sizes, and colors, for different products, and generated substantial revenue in the process.

23.     Defendant's strategic advertisement was designed to capitalize on Plaintiff's Mark, trample upon his intellectual property rights, and cause customer confusion.

24.     This is, unfortunately, Defendant's business model.   Recognizing phrases, memes, television shows, movies, and other pop culture themes offer fertile soil for a quick profit, Defendant unabashedly copies these themes, logos, or other intellectual property and offers it for sale without bothering to seek a license.   Defendant describes its business model thusly: "[i]f there is something funny or notable going on in the world right now we have a tshirt about it."

25.     By way of example, Defendant's website currently features t-shirts for "Super Bowl XLIX Champions New England Patriots", complete with Patriots logo; various Marvel and DC comic book characters from popular films such as *Batman* and *Captain America*; *Star Trek*; and assorted Disney characters and films, including Disney's recent smash-hit *Frozen*.   On information and belief, Defendant has no license to manufacture and sell the products featuring these well-known marks, preferring willful blindness to the need to sacrifice its misbegotten profit in licensing its products.

26.     Defendant's acts are more than willfully blind; they are *knowingly* infringing on Plaintiff's Mark.   On June 19, 2014, Plaintiff's counsel demanded that Defendant stop selling the infringing merchandise and disclose the amount of sales for all infringing products.   In response, Defendant produced a misleading 'accounting' of its products, failing to include, among the dozens—if not hundreds—of products left out, a shirt it had advertised as a "#topseller" on its Facebook account.   Worse, having been placed on actual notice of the infringing character of its products, Defendant *continued*—for months—to sell t-shirts and other merchandise which infringed on Plaintiff's Mark.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

27.    Defendant's intentional and deceitful acts of unfair competition and use of the Mark and derivations thereof have caused confusion, and are likely to do so in the future, and have caused mistake and deception as to the affiliation or association of the Defendant with Plaintiff, and as to the origin, sponsorship, or approval of the Defendant's goods by Plaintiff. Plaintiff has neither authorized nor consented to the use by Defendant of the Mark, any colorable imitation of it, or any mark confusingly similar to it.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendant's purpose in utilizing the Mark is an attempt to benefit unfairly from the valuable goodwill and extreme popularity of the Mark, which was established at great expense and effort by Plaintiff.

## FIRST CLAIM
### (Trademark Infringement under 15 U.S.C. §1114 *et seq.* against all Defendants)

29.    Plaintiff repeats, repleads, and realleges the allegations contained in Paragraphs 1 through 28, as though fully set forth herein.

30.    The aforesaid acts of Defendant constitute infringement of the Mark under 15 U.S.C. §1114 *et seq.*

31.    As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademark, reputation, and goodwill.  Defendant will continue to use the Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and its officers, agents, employees, and all persons acting in concert with them, from engaging in further acts of infringement.

32.    Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark infringement.

33.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently

8

unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement.

34.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including, but not limited to, an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

35.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

### SECOND CLAIM
**(Trademark Infringement under California *Business & Professions Code* §14245 *et seq.* and California Common Law against all Defendants)**

36.     Plaintiff repeats, and realleges the allegations contained in Paragraphs 1 through 35, as though fully set forth herein.

37.     Defendant's use of the Mark without Plaintiff's consent constitutes trademark infringement and unfair competition in violation of California common law in that, among other things, such use is likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant.

38.     The acts and conduct of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of California, including California *Business and Professions Code* sections 14245 *et seq.*, in that, among other things, Defendant's acts and conduct are likely to cause confusion, deception, and mistake among the consuming public as to the source, approval or sponsorship of the goods offered by Defendant. Defendant's acts are designed to trade upon Plaintiff's reputation and goodwill by causing confusion and mistake among consumers and the public.  Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendant and its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

39.     As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial.  Plaintiff is entitled to all remedies provided by California *Business and Professions Code* sections 14247 *et seq*., including injunctive relief and recovery of three times Defendant's profits and damages suffered by reason of their wrongful conduct.  Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## THIRD CLAIM
### (Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)

40.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 39, above, as though fully set forth herein.

41.     Plaintiff has used his Mark to identify his products before Defendant began using the Mark without his permission.

42.     The Mark is inherently distinctive and has acquired distinction through Plaintiff's extensive, continuous, and exclusive use of the Mark.  The Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and 1127.

43.     Defendant's use of the Mark is likely to dilute the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

44.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, reputation, and goodwill.  Defendant will continue to use the Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of trademark dilution.

45.     Plaintiff is entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark dilution.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

46.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark dilution.

47.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

48.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM
### (Federal Unfair Competition and False Designation of Origin in Violation of 15 U.S.C. §1125(a) against all Defendants)

49.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 48, as though fully set forth herein.

50.     Defendant's acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services and/or activities by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15 U.S.C. §1125(a).

51.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to his reputation, goodwill, and to the Mark.  Defendant will continue the activities alleged herein and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from engaging in further acts of unfair competition, deceitful acts using the Mark, and false designation of origin and false affiliation and association.

11

**COMPLAINT AND DEMAND FOR JURY TRIAL**

52.     Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful and devious acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of Defendant's acts of unfair competition and false designation of origin and false affiliation and association.

53.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

54.     Because is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

55.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.


## FIFTH CLAIM
### (Unfair Competition against all Defendants)

56.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 55, as though fully set forth herein.

57.     Defendant's acts constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq.*, and under the common law of the State of California.

58.     The acts and conduct of Defendant complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.  Plaintiff has no adequate remedy at law.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

59.    Plaintiff is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition.  Defendant should be forced to disgorge such unlawful profits to Plaintiff.

60.    Plaintiff is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of unfair competition.

61.    Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.


## SIXTH CLAIM
### (Copyright Infringement against all Defendants)

62.    Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 61, as though fully set forth herein.

63.    Defendant had access to the Video, through, *inter alia*, YouTube, and repeatedly referenced it on its merchandise and advertising.

64.    Defendant manufactured, produced, and sold merchandise that copies verbatim Plaintiff's jokes and expressions from his Video, such as his joke and expression that the "Honey Badger Don't Care," and derivations thereof.  Defendant's uses of Plaintiff's jokes and expressions are substantially similar to Plaintiff's use in the Video.  In fact, Defendant's use is an exact copy verbatim of Plaintiff's jokes and expressions contained in his copyrighted Video. Moreover, Defendant unlawfully advertised its infringing products by promoting them with expressions that originate from Plaintiff's Video.

65.    Defendant infringed Plaintiff's copyright by manufacturing, producing, advertising, and selling merchandise that prominently displayed Plaintiff's expressions that he used in his copyrighted Video.  Defendant sold its infringing merchandise on the internet through at least its own website and Amazon.com.  Defendant's conduct violated Plaintiff's exclusive right in his expressions contained in his Video.

13

**COMPLAINT AND DEMAND FOR JURY TRIAL**

66.     Plaintiff is informed and believes that Defendant knowingly induced, participated in, aided and abetted in, and profited from the illegal copying and/or subsequent sales of the infringing merchandise featuring Plaintiff's expressions and jokes from the Video.

67.     Plaintiff is informed and believes that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.  As such, Defendants, and each of them, are liable for vicarious and/or contributory copyright infringement under 17 U.S.C. §101.

68.     Due to Defendant's acts of infringement, Plaintiff has suffered substantial damage to his business in an amount to be established at trial.

69.     Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

70.     Due to Defendant's acts of copyright infringement, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement.  As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's jokes and expressions used in his Video in an amount to be established at trial.

71.     Plaintiff is informed and believes that Defendant infringed Plaintiff's copyright with knowledge that he owned the exclusive rights in his expressions and jokes as contained in the Video and/or that Defendant was reckless in committing the infringement alleged herein.  Defendant's acts of copyright infringement were willful, intentional and malicious, subjecting Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement and/or Defendant is precluded from deducting certain overhead expenses when calculating profits for disgorgement.

//

//

//

14

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## **PRAYER**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1.     That Defendant has (*i*) infringed the Mark under 15 U.S.C. §1114 *et seq.*; (*ii*) infringed the Mark under California law; (*iii*) violated 15 U.S.C. §1125(c); (*iv*) violated 15 U.S.C. §1125(a); (*v*) engaged in unfair competition and violated California *Business and Professions Code* section 17200 *et seq.*; and (*vi*) infringed Plaintiff's rights in his federally registered copyright under 17 U.S.C. §501.

2.     That each of the above acts were willful.

3.     That Plaintiff be awarded (*i*) all profits of Defendant, (*ii*) all of his damages, (*iii*) statutory damages available under the law including 15 U.S.C. §1117 and 17 U.S.C. §504, if elected, (*iv*) treble damages, (*v*) punitive damages, (*vi*) disgorgement and restitution of all benefits received by Defendants arising from their infringement as provided by law, and/or (*vii*) enhanced damages for Defendant's willful infringement as provided in 15 U.S.C. §1117 and 17 U.S.C. §504, the sum of which will be proven at the time of trial.

4.     That Defendant, its officers, agents, servants, affiliates, partners, vendors, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

     a.   Using Plaintiff's expression and mark "HONEY BADGER DON'T CARE" or any colorable imitation thereof, or any other expression or mark likely to cause confusion, mistake, or deception, in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of their goods or services;

     b.   Using any false designation of origin or false description that can, or is likely to, lead the public to believe that any product manufactured, distributed, sold, offered for sale, or advertised by Defendant are in any manner associated or connected with Plaintiff is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiff;

15

**COMPLAINT AND DEMAND FOR JURY TRIAL**

c.   Engaging in any other activity constituting an infringement of Plaintiff's trademark and copyright rights or otherwise unfairly competing with Plaintiff; and

d.   Engaging in any other activity that dilutes the distinctive quality of the Mark by, among other things, using the Mark in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods.

5.   That Defendant be directed to deliver up to Plaintiff all products bearing the Mark, any copy, simulation, variation or colorable imitations of the Mark, and any documents or tangible things that discuss, describe, mention or relate to such products.

6.   That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the injunction.

7.   That Defendant be required to pay to Plaintiff all of his costs, disbursements, and attorney's fees in this action.

8.   For prejudgment interest.

9.   For postjudgment interest.

10.   For such other relief as the Court deems proper.


DATED:  April 7, 2015                          SJS COUNSEL, APC


                                                          /s/


                                          By: _____
                                               Samuel J. Smith
                                               Attorneys for Plaintiff
                                               CHRISTOPHER GORDON


//

//

//

16

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## **DEMAND FOR JURY TRIAL**

Plaintiff CHRISTOPHER GORDON hereby demands a trial by jury.

DATED:  April 7, 2015                            SJS COUNSEL, APC

                                                                    /s/

                                        By: _____
                                                Samuel J. Smith
                                                Attorneys for Plaintiff
                                                CHRISTOPHER GORDON

**COMPLAINT AND DEMAND FOR JURY TRIAL**